Case 4:25-cv-00604   Document 6   Filed on 02/18/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
February 18, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CAREL DIRK BOSMAN, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. H-25-0604 |
| § | |
| NEAL DAVIS, III, *et al.*, § | |
| § | |
| *Defendants.* § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a Harris County pretrial detainee, filed a *pro se* civil complaint under 42 U.S.C. § 1983 against defense counsel Neal Davis, III, and Edward Chernoff, and current and former Harris County district attorneys Sean Teare, Kim Ogg, and Amanda Zelisko. He seeks leave to proceed *in forma pauperis*.

Having screened the complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court **DISMISSES** this lawsuit for failure to state a viable claim for which relief can be granted under § 1983.

**I. BACKGROUND AND CLAIMS**

Plaintiff is a Harris County pretrial detainee awaiting trial on felony charges for super aggravated sexual assault of a child under the age of six, continued sexual abuse of a child, and assault of a family member by impeding breathing or circulation.

Plaintiff claims in this lawsuit that the defendants are liable to him for professional malpractice and negligence in their handling of his pending criminal defense and

prosecution. He seeks monetary damages and disciplinary actions against them. Because the Court has no authority to initiate disciplinary actions against the defendants, the Court construes the lawsuit as seeking monetary compensation.

This lawsuit is one of at least seven lawsuits plaintiff filed in this Court against various individuals and entities for claims arising from his pending criminal prosecutions.

## II. ANALYSIS

### A. Legal Standards

When a prisoner seeks to proceed *in forma pauperis*, the Court must evaluate the complaint and dismiss it without service of process if the Court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915(A).

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

2

When reviewing a *pro se* plaintiff's complaint, the courts must construe the factual allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, a plaintiff's *pro se* status does not afford him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Even under the liberal standards afforded by *Haines*, *pro se* litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief. *Id.*

Plaintiff's claims against the defendants in this case for professional malpractice and negligence fail to raise an issue of federal constitutional dimension for purposes of § 1983. However, even assuming plaintiff had pleaded a viable constitutional claim, he cannot proceed against the defendants for the reasons that follow.

B. Defense Counsel

Plaintiff brings this action under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam). To state a valid claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution or laws of the United States, and demonstrate that the alleged deprivation was committed by a state actor – a person acting under color of state law.

3

*West v. Atkins*, 487 U.S. 42, 48 (1988); *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam).

Plaintiff sues his defense counsel, Neal Davis, III, and Edward Chernoff. Defense counsel, even court-appointed attorneys, are not state actors for purposes of liability under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 318, 324–25 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). Plaintiff pleads no factual allegations showing that these individuals are state actors. Because plaintiff's defense counsel are not state actors and thus cannot be sued under § 1983, plaintiff has failed to state a claim upon which relief may be granted.

C. Prosecutorial Immunity

Plaintiff also sues three current and former Harris County prosecutors. The United States Court of Appeals for the Fifth Circuit has held that prosecutors are absolutely immune from § 1983 suits in their individual capacities for actions that are within the scope of their prosecutorial duties. *Brooks v. George County, Miss.*, 84 F.3d 157, 168 (5th Cir. 1996). Prosecutorial immunity has been extended to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution. *McGruder v. Necaise*, 733 F.2d 1146, 1148 (5th Cir. 1984); *Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir. 1980). The decision to file or not file criminal charges is protected by prosecutorial immunity. *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990).

4

Plaintiff pleads no factual allegations establishing that the defendant prosecutors acted outside of the scope of their prosecutorial duties in prosecuting him for the pending criminal charges. Thus, plaintiff has failed to state a claim upon which relief may be granted against the defendant prosecutors, predicated on prosecutorial immunity.

### III. CONCLUSION

For the reasons shown above, this lawsuit is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted and for raising claims barred by immunity. 28 U.S.C. §§ 1915(e), 1915A. Any and all pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a **STRIKE** for purposes of 28 U.S.C. § 1915(g). Plaintiff is **WARNED** that if he accrues a total of three strikes, he will be permanently barred from proceeding *in forma pauperis* in federal district or appellate courts while incarcerated or detained in any facility, unless he shows he is under imminent danger of serious physical injury at the time of filing.

Signed at Houston, Texas, on this the ____ day of February, 2025.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

5